UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA ISIEV,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERNESTO SANTACRUZ, *et al.*,<br><br>　　　　　Respondents. | Case No. 5:26-cv-1033-CV (DFM)<br><br>**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [10]** |

1

On March 12, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 10 ("TRO Order"). On March 16, 2026, Respondents[1] filed a Notice of Compliance reporting that Petitioner had been released from custody on March 13, 2026. Doc. # 11. On March 18, 2026, Respondents filed a response to the OSC. Doc. # 13 ("Gov. Resp."). Petitioner Issa Isiev ("Petitioner") did not file a reply.[2] Having reviewed and considered all the briefing filed with respect to the Order to Show Cause Re: Preliminary Injunction, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I.    BACKGROUND

On March 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against Respondents. Doc. # 1 ("Pet.").

On the same day, Petitioner filed a Ex Parte Motion for Temporary Restraining Order ("Motion") Doc. # 2 ("Mot.").

On March 12, 2026, the Court issued the TRO and OSC ordering:

Respondents are ordered to immediately release Petitioner from custody subject to the conditions of his prior parole.

2.    Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

---

[1] Respondents are Ernesto Santacruz, Jr., in his official capacity as Field Office Director of the Los Angeles Immigration and Customs Enforcement ("ICE") Office; Todd Lyons, in his official capacity as Acting Director of ICE; Kristi Noem, in her official capacity as the Secretary of the Department of Homeland Security; and Pamela Bondi, in her official capacity as Attorney General of the United States of America (collectively, "Respondents").

[2] On March 12, 2026, the Court ordered Petitioner to file a reply no later than March 24, 2026. TRO Order at 11 ("Petitioner *shall* file a reply no later than March 24, 2026) (emphasis added). The Court admonishes Petitioner's counsel for failure to follow this order. The Court expects strict compliance with its orders in the future or appropriate sanctions may be imposed.

3. Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

4. To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

5. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 26, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

6. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 20, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 24, 2026

7. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 10–11.

The Court has previously recounted the factual background in this case in the TRO Order which is incorporated here by reference. *See generally* TRO Order.

## II.   <u>LEGAL STANDARD</u>

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush &*

3

*Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## III. DISCUSSION

In response to the OSC, Respondents argue that they have complied with the TRO by releasing Petitioner from custody. Gov. Resp. at 2–3; Doc. # 11. Respondents argue that Petitioner's release moots both the requested preliminary injunction and this habeas petition more generally. Gov. Resp. at 2. Respondents make no arguments as to the merits of the Preliminary Injunction, and their sole argument is that the request is moot in light of the actions they have taken in response to the TRO. *See generally id.*

First, Respondents complied with the Court's order that they release Petitioner from custody and that they provide the Court with a notice of compliance. *See* Doc. # 14. The Petitioner has received the relief requested and ordered as to these portions of the TRO.

4

Because there is no present controversy as to which effective relief can be granted as to these points, they are moot. *See Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

The TRO is not moot as to the orders that: (1) Respondents may not re-detain Petitioner "without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community."; and (2) to preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

Further, the Court declines to find the Petition as a whole moot at this time, as the OSC was solely related to the issuance of a preliminary injunction, not the final resolution of the case. The Magistrate Judge assigned to this case will set a briefing schedule for Respondents to respond to the merits of the Petition.

**IV.   CONCLUSION**

For the foregoing reasons, the Court issues a Preliminary Injunction and ORDERS as follows:

1.   Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

2.      To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED.**

Dated:  4/1/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

6